EDWARD McNEILL *v.* DON H. PEAKER ET AL

5-6003                       488 S.W. 2d 706

Opinion delivered January 8, 1973

*Chambers & Chambers* and *Keith, Clegg & Eckert,* for appellant.

*Mahony & Yocum* and *H. Derrell Dickens,* for appellees.

FRANK HOLT, Justice. Appellant McNeill brought this action to cancel oil and gas leases which he had acquired on certain lands. He later assigned these leases to appellee Peaker. In these assignments, appellant reserved an overriding royalty in a percentage of the production. He received no cash or other consideration for the assignments. Peaker assigned the working interest to certain appellees, reserving also an overriding royalty interest, which he then assigned to others. This working interest was subsequently assigned by various appellees to other appellees who continued to produce some of the leases until the wells were abandoned and releases made to the original lessors.

Appellant alleged in his complaint (others by cross-complaint), as overriding royalty owner, that appellees had breached the implied covenants to reasonably develop and protect the premises from drainage by offsetting wells. It was alleged that such covenants are implied as a matter of law in an assignment in which the royalty reserve is a principal consideration. It is undisputed that the various assignments did not contain any express obligations or covenants of any kind. The chancellor sustained appellees' motion for summary judgment.

On appeal appellant contends that the alleged implied covenants exist in favor of appellant, as an overriding royalty owner, and, therefore, the chancellor erred in sustaining the motion for summary judgment. Appellant asserts that "the motion for summary judgment involves the legal question of whether the covenants which the law implies in the ordinary oil and gas lease are necessarily implied in a sublease or assignment of an oil and gas lease in which royalty **** constitutes the principal consideration of the contract."

We think the chancellor was correct. The law in our state does not recognize implied covenants on the part of an assignee of an interest in an oil and gas lease to an oil payment owner who is not a lessor. *Henderson Co.* v. *Murphy,* 189 Ark. 87, 70 S.W.2d 1036 (1934). Appellant contends that this case is not controlling in the case at bar inasmuch as an overriding royalty in a per-

centage of the production was retained rather than the reservation of a deferred oil payment. We cannot agree that this distinction is applicable. In fact, authority relied upon in *Henderson* holds contrary to appellant's position. In construing our opinion in *Henderson,* we see no difference in an oil payment ownership and the overriding royalty in the case at bar. Both relate to the retention of a named interest in real estate as between an assignor and assignee. Furthermore, our holding in *Henderson* has become a longstanding rule of property law in this state. In assignments, such as these in the instant case, the assignor and assignee are usually experienced in the oil business and knowledgable enough to make certain any uncertainty by inserting provisions which protect the assignor's interests if he deems it necessary. See Merrill, Covenants Implied in Oil and Gas Leases, 2d. Ed., § 186. Appellant's "rights must depend, as said in *Murdock* v. *Sure Oil Corp.,* 171 Ark. 61, 283 S.W. 4 [1926] 'on the protection paragraph of the written assignment,' and, there being no right **** here asserted, his action must fail." *Henderson Co.* v. *Murphy, supra.*

We agree with the appellant, however, that "all pleadings and other voluminous matters in cases 9202 and 9290" were improperly included in the transcript over appellant's objection. Accordingly, appellant is entitled to recover from those appellees responsible for the inclusion the asserted sum of $500 as being an unnecessary cost of the appeal.

Affirmed.